UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTINA MALYSHKO,<br><br>                                    Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden of Otay Mesa Detention Center; TODD LYONS, Acting Director of Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the Department of Homeland Security; PAMELA BONDI, Attorney General of the United States,<br><br>                                    Respondents. | Case No.: 3:26-cv-1728-JES-MSB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**<br><br>**[ECF No. 1]** |

Before the Court is Petitioner Kristina Malyshko's ("Petitioner") Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241 ("Petition"). ECF No. 1. Pursuant to the Court's Order to Show Cause, Respondents (the "Government") filed the Response. ECF No. 5. Upon the Government's filing of the Response, the Court considered the matter fully briefed and took it under submission. For the reasons set forth below, the Court **GRANTS** the Petition.

//

//

1

## I.  BACKGROUND

Petitioner, a native of the USSR and a citizen of Russia, fled persecution in her home country and entered the United States on December 11, 2022. ECF 1-2, ("Pet.") ¶ 12. On December 13, 2021, Petitioner applied for admission at a port-of-entry and was detained by Respondents. *Id*. ¶ 13. Shortly thereafter, Petitioner was released from immigration custody on conditional parole. *Id*. ¶ 14; Res. at 1.

On January 17, 2026, Petitioner was detained by Camp Pendleton military base personnel when she inquired to use the restroom facilities. Pet. ¶ 18. Since then, Petitioner has been detained by Respondents and is currently being held at the Otay Mesa Detention Center. *Id*. ¶¶ 24-25. Petitioner brings this action, contending that the manner in which Respondents revoked her parole, violates the Due Process Clause of the Fifth Amendment, the INA, the APA, and federal regulations. *Id*. ¶ 3. Accordingly, Petitioner requests that the Court order her immediate release. ECF No. 1.

## II.  LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

//

//

### III. DISCUSSION

In response to the Petition, the Government concedes that Petitioner was previously released from immigration custody on conditional parole but maintains that Petitioner is subject to mandatory detention under § 1225(b)(2). Res. at 2. The Court finds that this issue has been addressed by the undersigned in a recent decision, *Gergawi v. Larose*. No. 3:25-CV-3352-JES-MMP, 2025 WL 3719321, at *2-4 (S.D. Cal. Dec. 23, 2025). Therefore, the Court elects to follow the reasoning stated in *Gergawi* and incorporates it by reference. *Id*.

It is undisputed that, after initially being detained in December 2022, the Government released Petitioner from custody on conditional bond, pursuant to 8 U.S.C. § 1226(a)(2). The Court finds that the Government's conduct—here, granting Petitioner parole—resulted in Petitioner's acquisition of a liberty interest in remaining out of immigration custody. *See Gergawi*, 2025 WL 3719321, at *3-4; *see also Pinchi v. Noem*, 792 F. Supp.3d 1025, 1032 (N.D. Cal July 24, 2025).

Petitioner claims that she has been detained since January 17, 2026, and has yet to receive notice of the basis for which her parole was revoked or a custody redetermination hearing before an immigration judge. Pet. ¶¶ 23, 24, 27. The Government's Response does not contest these assertions. *See generally* Res. The Court, therefore, finds that the Government failed to provide Petitioner with notice and an opportunity to be heard prior to revoking her parole, when she was re-detained in January of this year. *See Gergawi*, 2025 WL 3719321, at *3-4; *see also Pinchi*, 792 F. Supp.3d at 1032. In doing so, Respondents violated Petitioner's due process rights. *C.A.R.V. v. Wofford*, No. 1:25-CV-01395 JLT SKO, 2025 WL 3059549, at *9 (E.D. Cal. Nov. 3, 2025); *Leiva Flores v. Albarran*, No. 25-cv-09302-AMO, 2025 WL 3228306, at *5; *Faizyan v. Casey*, No.: 3:25-cv-02884-RBM-JLB, 2025 WL 3208844, at *7 (S.D. Cal. Nov. 2025). Accordingly, the Court will order Petitioner's immediate release.

//

//

//

3:26-cv-1728-JES-MSB

# IV. CONCLUSION

For the reasons discussed above:

(1) The Court **GRANTS** Petitioner's writ of habeas corpus pursuant to 28 U.S.C. § 2241;

(2) Because the Court **GRANTS** the Petition and concludes that Respondents' revocation of Petitioner's parole violates procedural due process, Respondents are **ORDERED** to **IMMEDIATELY** release Petitioner from custody, subject to any conditions of her preexisting conditional parole;

(3) The Parties are **ORDERED** to file a Joint Status Report on or before **April 1, 2026**, confirming that Petitioner has been released; and

(4) The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: March 26, 2026

Honorable James E. Simmons Jr.
United States District Judge